**Varanisese WAQA, Taniela Gukilakeba, Talei Sokove Waqa, and Timoci Saisa Waqa, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70612.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Varanisese Waqa, Rohnert Park, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Taniela Gukilakeba, Rohnert Park, CA, pro se.

Talei Sokove Waqa, Rohnert Park, CA, pro se.

Timoci Saisa Waqa, Rohnert Park, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Varanisese Waqa and her family are natives and citizens of Fiji. They petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum and withholding of removal. Our jurisdiction is governed by, 8 U.S.C. § 1252. We review for substantial evidence, *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002), and we dismiss in part, and deny in part.

We lack jurisdiction to review the BIA's finding that changed circumstances did not excuse the Waqas' untimely filed asylum application because it was based on disputed facts. *See Ramadan v. Gonzales,* 479 F.3d 646, 650, 656–57 (9th Cir.2007).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The record does not compel the conclusion that the Waqas' untimely filing due to the ignorance of the law should be excused because of extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a)(5).

Substantial evidence supports the BIA's finding that the Waqa family failed to show that it is more likely than not that they will be harmed on account of their political opinion, ethnicity, gender, and/or religion if removed to Fiji. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir. 2003) (no compelling evidence that persecution of applicant's group was so widespread that applicant faced a clear probability of persecution).

The Waqas' contention that their due process rights were violated because the IJ did not permit them to apply for asylum until January of 2002 is belied by the record.

Finally, the Waqas' due process contention regarding the BIA's previous reduction of voluntary departure, and erroneous country of removal are moot in light of the BIA's amended order.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.